IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLA ARELLANO, et al.,

     Plaintiffs,

vs.                                                                    No. 1:26-cv-00221-KG-JFR

FEDERAL EMERGENCY
MANAGEMENT AGENCY, et al.,

     Defendants.

**ORDER SETTING BRIEFING SCHEDULE**

This matter is before the Court following a hearing on April 30, 2026.   Plaintiffs seek

review of agency action by Defendant Federal Emergency Management Agency ("FEMA")

under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1)–(2).   Plaintiffs challenge

regulations and policies promulgated by FEMA governing the arbitration of claims submitted

under the Hermit's Peak/Calf Canyon Fire Assistance Act, Pub. L. No. 117-180, § 104, 136 Stat.

2114, 2168 (2022).   All parties agree that this case is appropriately resolved by submission of an

administrative record, followed by appellate briefing as required by *Olenhouse v. Commodity*

*Credit*, 42 F.3d 1560 (10th Cir. 1994).   The Court sets the following briefing schedule.

     1.     Plaintiffs advance two claims for relief under the APA.   Plaintiffs seek an order

setting aside under § 706(2) certain regulations and policies as "in excess of FEMA's statutory

jurisdiction, authority, and limitations."   Doc. 1 at 2.   Plaintiffs further request an order under

§ 706(1) compelling FEMA to refer Plaintiffs to de novo arbitration of their claims.   Doc. 1 at 4.

     2.     The Court concludes that addressing Plaintiffs' § 706(1) and § 706(2) claims in

separate briefs, with different briefing schedules, is appropriate in light of the opinion published

on April 21, 2026, which examined a number of issues raised by Plaintiffs' under § 706(2).   *See*

*Old Wood v. Fed. Emergency Mgmt. Agency*, 2026 WL 1078698 (D.N.M.) (J. Browning).

3.      Concerning Plaintiffs' § 706(2) claim to set aside agency action, Defendants shall

lodge the Administrative Record within 7 calendar days of entry of this Order.   Plaintiffs shall

file their opening brief within 14 calendar days of the lodging of the Administrative Record.

Defendants shall file a response within 14 calendar days of Plaintiffs' opening brief, followed by

Plaintiffs' reply within 14 calendar days thereafter.   Defendants may file a surreply, if any,

within 7 calendar days.

| **Event** | **Date** |
| --- | --- |
| Administrative Record | Thursday, May 7, 2026 |
| Plaintiffs' Opening Brief | Thursday, May 21, 2026 |
| Defendants' Response Brief | Thursday, June 4, 2026 |
| Plaintiffs' Reply | Thursday, June 18, 2026 |
| Defendants' Surreply | Thursday, June 25, 2026 |

4.      These dates represent an accelerated briefing schedule, which is necessary to

avoid further delay in resolving Plaintiffs' claims.   The Court is persuaded that the parties will

not be prejudiced by the expedited schedule given the availability of an existing administrative

record and briefing on the issue.

2

5.      The Court orders the parties to address the following questions in their briefing:

(a) What impact, if any, does *Old Wood* have on the issues presented?

(b) If the Court determines that the administrative appeal exhaustion requirement is arbitrary and capricious, or otherwise exceeds FEMA's statutory jurisdiction, must the Court also decide whether or when a claim becomes ripe for arbitration?

(c) Are the APA's alternative means of dispute resolution provisions, §§ 571-84, and FEMA's promulgated regulations governing arbitration mutually exclusive? Can these procedures be reconciled?

6.      Regarding Plaintiffs' § 706(1) claim to compel agency action, Defendants shall lodge the Administrative Record within 30 days of entry of this Order.   Plaintiffs shall file their opening brief within 30 calendar days of the lodging of the Administrative Record.   Defendants shall file a response within 30 calendar days of Plaintiffs' opening brief, followed by Plaintiffs' reply within 20 calendar days thereafter.   Defendants may file a surreply, if any, within 7 calendar days.

| **Event** | **Date** |
|---|---|
| Administrative Record | Monday, June 1, 2026 |
| Plaintiffs' Opening Brief | Wednesday, July 1, 2026 |
| Defendants' Response Brief | Friday, July 31, 2026 |
| Plaintiffs' Reply | Thursday, August 20, 2026 |
| Defendants' Surreply | Thursday, August 27, 2026 |

7.      The Court orders the parties to address the following issues in their briefing:

(a) When is a plaintiff's claim ripe for arbitration?

(b) Federal Rule of Civil Procedure 53 permits the Court to appoint a special master.   Is this process different from arbitration?   If so, how?   If the Court appointed a special master, with the consent of the parties, what would the scope of the special master's duties be?

(c) Would a decision by this Court compelling FEMA to submit Plaintiffs' claims to arbitration promote finality and ensure the expeditious consideration and settlement of Plaintiffs' claims?   Provide any other argument concerning procedural mechanisms that may assist the Court in ensuring its decision achieves a final and expeditious resolution.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____ _____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.