IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLA ARELLANO, et al.,

    Plaintiffs,

v.                                    No. 1:26-cv-00221-KG-JFR

FEDERAL EMERGENCY
MANAGEMENT AGENCY, et al.,

    Defendants.

**PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, Doc. 46, filed July 7, 2026. The parties addressed the motion during the hearing held on Thursday, July 9, 2026, concerning Plaintiffs' request to set aside agency action in excess of delegated statutory authority under 5 U.S.C. § 706(2) of the Administrative Procedure Act ("APA"). Having considered Plaintiffs' Complaint, Doc. 1, Opening Brief, Doc. 45, Motion for Preliminary Injunction, Doc. 46, the statements of the parties' counsel at the hearing,[1] and the relevant law, the Court grants Plaintiffs' motion in part and issues a preliminary injunction enjoining FEMA from withholding arbitration and ordering FEMA to submit Plaintiff Marianna Lands' ("Ms. Lands") claims to arbitration.

*I.*    *Background*

In April 2022, a prescribed burn initiated by the United States Forest Service in the Santa Fe National Forest in San Migual County, New Mexico, merged with a dormant pile fire and scorched 340,000 acres of land in northeastern New Mexico. *Old Wood, LLC v. Fed. Emergency*

---

[1]A response brief from Defendants is unnecessary to decide the motion.

1

*Mgmt. Agency*, 2026 WL 1078698, at *2 (D.N.M.) (Browning, J.).  The U.S. Forest Service assumed responsibility for the wildfire.  *Id.*  As a result, Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act to (1) "compensate victims...for injuries resulting from the fire," and (2) "provide for the expeditious consideration and settlement of claims for those injuries."  Pub. L. No. 117-180, § 102, 136 Stat. 2114, 2168 (2022) ("Hermit's Peak Act").  To ensure that victims of the Hermit's Peak/Calf Canyon Fire receive compensation in a timely manner, Congress directed FEMA to "determine and fix the amount, if any, to be paid for the claim" within 180 days "after the date on which a claim is submitted under this Act."  § 104(d)(1)(A)(i).  Congress also authorized FEMA to establish "by regulation procedures under which a dispute regarding a claim submitted under this Act may be settled by arbitration."  § 104(h)(3)(A).

The Hermit's Peak Act not only requires FEMA to expedite the claims determination process, but mandates that Plaintiffs be allowed to submit a disputed claim to arbitration if they elect to do so.  § 104(h)(3)(B).  Despite these directives, FEMA instituted an "Appeal Requirement" wherein a claimant must first undergo an administrative appeal process before they can elect to settle a disputed claim by arbitration.  44 C.F.R. § 296.42(a).  FEMA also implemented policies restricting arbitration to the record of the administrative appeal and the issues raised and decided on appeal.  44 C.F.R. § 296.42(b).  As well, FEMA limited the scope of review for arbitrators to whether substantial evidence supports FEMA's final claim determination.  Doc. 27 at 48.

After four years of participating in FEMA's processes to no avail, Plaintiffs filed an action under § 706(2)(A) and (C) of the APA to set aside FEMA's arbitration procedures as contrary to law or otherwise in excess of the authority delegated to FEMA under the Hermit's

2

Peak Act.  Doc. 1.  Plaintiffs claimed that FEMA's appeal process is not only "cumbersome and slow," but violates the Hermit's Peak Act which does not require Plaintiffs to undergo an administrative appeal before they may proceed to settle their claim through arbitration.  Doc. 27 at 15, 21.  Plaintiffs also sought to compel arbitration of their claims under § 706(1).  In response to the litigation, FEMA suspended arbitration proceedings pending a decision on whether its arbitration procedures violate the Hermit's Peak Act.  Doc. 46-2.

In a Memorandum Opinion and Order filed July 16, 2026, Doc. 49, this Court vacated the challenged arbitration regulations and policies, concluding that they were contrary to the purposes of the Hermit's Peak Act.  This Court determined that FEMA's interpretation of "disputed claim" as requiring an administratively final decision is unreasonable and that a claim becomes "disputed" 180 days after a claimant submits a Notice of Loss to FEMA.  Doc. 49 at 6–8; *see* 44 CFR § 296.10(a).

Plaintiffs now seek to compel FEMA to immediately submit their claims to arbitration. Doc. 46 at 7.  Plaintiffs request a preliminary injunction enjoining FEMA from withholding arbitration and ordering the parties to arbitration.  *Id.* at 16.

## II.     Analysis

The Court concludes that: (A) Ms. Lands is entitled to a preliminary injunction;[2] and (B) she is not required to post a bond.

### A.     Ms. Lands is entitled to a preliminary injunction.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Guzman v. N.M. State Dep't of Cultural Affairs*, 534 F. Supp. 3d 1375, 1379 (D.N.M. 2021)

---

[2]As discussed below, Plaintiffs have not articulated specific facts, nor provided evidence demonstrating a risk of irreparable harm such that injunctive relief is required.  Therefore, the Court limits its discussion to Ms. Lands.

(internal quotation marks and citation omitted).  To merit preliminary injunctive relief, "the movant must make a 'clear and unequivocal' showing it is entitled to such relief."  *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021).  As well, courts disfavor "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all relief that it could recover at the conclusion of a full trial on the merits."  *Id.* at 883–84 (internal quotation marks and citation omitted).  Disfavored injunctions require the movant to satisfy a heightened standard.  *Id.* at 883.

A plaintiff seeking a preliminary injunction must establish (1) a likelihood of success on the merits, (2) a likelihood that they will suffer irreparable harm absent a preliminary injunction, (3) "that the balance of equities tips in [their] favor," and (4) "that an injunction is in the public interest."  *Winter v. Nat'l Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  "The third and fourth preliminary injunction factors merge when the government is the party opposing the injunction."  *Guzman*, 534 F. Supp. 3d at 1385 (internal quotation marks and citation omitted).

### 1.    *Ms. Lands is likely to succeed on the merits.*

Ms. Lands has demonstrated under the heightened standard a likelihood of success on the merits of her claim that FEMA has unlawfully withheld or unreasonably delayed arbitration in violation of the APA.  The APA permits a court to "compel agency action unlawfully withheld or unreasonably delayed."  § 706(1).  "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original).  Where an agency "has no concrete deadline establishing a date by which it must act" courts may "compel only action that is delayed unreasonably."  *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999); *see id.* ("[W]hen an agency is required to act—either by organic statute or by

4

the APA—within expeditious, prompt, or reasonable time, § 706 leaves in the courts the discretion to decide whether agency delay is unreasonable.").

Although Ms. Lands argues that FEMA has unlawfully withheld arbitration, *see* Doc. 45 at 6, the appropriate inquiry is whether FEMA has unreasonably delayed in referring their claims to arbitration. The Hermit's Peak Act requires FEMA to refer a disputed claim to arbitration once a claimant elects to settle their claim through arbitration. § 104(h)(3)(b). However, the statute does not provide a concrete deadline by which FEMA must act. *Id.* Indeed, the Hermit's Peak Act authorizes FEMA to "establish by regulation procedures under which a dispute regarding a claim" may be settled by arbitration. § 104(h)(3)(A). Congress only requires that FEMA settle Plaintiffs claims expeditiously. § 102(b)(2).

Thus, the question before the Court is whether FEMA has violated the APA's "general admonition that agencies conclude matters presented to them within a reasonable time." *Forest Guardians*, 174 F.3d at 1190. Courts evaluate the reasonableness of an agency's actions using the six *TRAC* factors:

> 1) the time agencies take to make decisions must be governed by a rule of reason;
>
> 2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> 3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> 4) the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> 5) the nature and extent of the interests prejudiced by delay; and
>
> 6) the court need not find any impropriety behind agency lassitude to hold that agency action is unreasonably delayed.

*Tista v. Jaddou*, 577 F. Supp. 3d 1219, 1229 (D.N.M. 2021) (quoting *Telecomm. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984)).  Under these principles, all six *TRAC* factors weigh in favor of Plaintiffs.

First, FEMA's timeline for submitting a disputed claim to arbitration is not governed by a rule of reason.  This Court previously determined that FEMA's reason for delaying arbitration—namely requiring a final claim determination via an administrative appeal—is unreasonable given the plain language and purposes of the Hermit's Peak Act.  *See* Doc. 49.

Second, FEMA's nearly four-year delay in submitting Ms. Lands' claims to arbitration cannot be squared with the timelines set forth in the Hermit's Peak Act.  Congress provides that FEMA expeditiously consider and settle claims submitted under the Hermit's Peak Act. § 102(b)(2).  Congress required FEMA to implement procedures governing arbitration within 45 days after the date of enactment.  § 104(h)(3)(A).  The Hermit's Peak Act became effective on September 30, 2022, nearly four years ago.  Doc. 45 at 2.  Congress also states that FEMA must issue a claim determination within 180 days of submission of a Notice of Loss. § 104(d)(1)(A)(i).  The statutory deadlines set forth by Congress demonstrate that FEMA's continued delay is not reasonable.

As for the third, fourth, and fifth factors, the cost to Ms. Lands' health and welfare greatly outweighs any adverse effects on FEMA in expediting arbitration.  Ms. Lands has yet to receive a final determination on her claim for compensation for injuries and damages related to a stroke she suffered after the Hermit's Peak/Calf Canyon Fire.  Transcript of Hearing at 61–62, *Arellano v. FEMA*, No. 26-221 (D.N.M. July 9, 2026); Doc. 46-1.  Ms. Lands requires "constant personal care and assistance in all aspects of her day-to-day life."  Doc. 46-1.  These facts are sufficient to show that her interests "are weighty, implicate health and welfare, and are harmed

6

by" FEMA's continued delay in submitting her claim to arbitration. *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 452 (6th Cir. 2022). Furthermore, the risk that any final settlement may be diminished or unavailable increases by the day as FEMA continues to pay out claims. On the other hand, the cost to FEMA to expedite arbitration is minimal as FEMA has indicated that the agency is in the process of renegotiating its arbitration contracts with the Judicial Arbitration and Mediation Services ("JAMS") to provide for *de novo* arbitration. Transcript of Hearing at 41–42, *Arellano v. FEMA*, No. 26-221 (D.N.M. July 9, 2026).

Finally, the Court need not discuss the sixth factor as it "need not find any impropriety behind agency lassitude to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 79–80. For the reasons stated, Ms. Lands is likely to succeed on the merits of her claim that FEMA has unreasonably delayed in submitting her claims to arbitration.

### 2. *Ms. Lands will suffer irreparable injury absent a preliminary injunction.*

Ms. Lands has met her burden to show that there is a "significant risk" that she will "experience harm that cannot be compensated after the fact by money damages." *Colorado*, 989 F.3d at 884. The affidavit submitted by her daughter highlights that the continued delay in settling her claim through arbitration exposes Ms. Lands to a substantial risk of irreparable harm to her health or life. Doc 46-1. Ms. Lands' daughter alleges that her mother has become "significantly disabled" in the wake of her stroke following the fire, and that her condition "appears to be accelerating rapidly causing me to have significant concern over my mother's longevity." *Id.* The claim submitted by Ms. Lands seeks recovery of costs related to past and continued medical care and noneconomic damages related to the distress experienced by Ms. Lands as a result of the fire. *See* Supplemental Administrative Record, Arellano-Lands AR 4666, lodged at Doc. 41 (June 29, 2026). Absent necessary medical care, the risk of additional

7

harm to Ms. Lands' health is "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Colorado*, 989 F.3d at 884; *see also Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 447 (D. Conn. 2020) ("A substantial risk of serious illness or death has often been found to constitute irreparable harm.").

Apart from Ms. Lands, Plaintiffs have not articulated specific facts, nor presented evidence demonstrating irreparable harm absent a preliminary injunction. Doc. 46 at 9. Absent a sufficient showing of irreparable harm by Plaintiffs, the Court will limit injunctive relief to Ms. Lands. *See Colorado*, 989 F.3d at 890 (concluding that "the lack of irreparable injury is dispositive").

### 3. *The balance of harms weighs in favor of granting the preliminary injunction.*

Ms. Lands has made a strong showing that her threatened injuries outweigh any injury to FEMA. The Court acknowledges that agencies are in the best position to determine how to allocate resources and that FEMA faces the possibility of exhausting its funds paying claims that may be determined to be unlawful or erroneous in the future. However, the potential for insufficient funds cannot justify the suspension of arbitration for claimants who may be entitled to compensation under the Hermit's Peak Act. Additionally, FEMA is already in the process of establishing new procedures to provide for *de novo* arbitration. Transcript of Hearing at 41–42, *Arellano v. FEMA*, No. 26-221 (D.N.M. July 9, 2026). Thus, FEMA will not suffer any harm by submitting Ms. Lands' claim to arbitration. By contrast, Ms. Lands' health continues to deteriorate as she awaits settlement of her claim. Consequently, the potential injuries to Ms. Lands' health and life outweigh any injury to FEMA in proceeding with arbitration, and Ms. Lands is entitled to a preliminary injunction.

**B.      *The Court declines to require Plaintiffs to post a bond.***

Lastly, the Court declines to require Ms. Lands to post a bond under Federal Rule of Civil Procedure 65(c).  Under Rule 65(c), "a trial court may, in the exercise of discretion, determine a bond in unnecessary to secure a preliminary injunction if there is an absence of proof showing a likelihood of harm" to the enjoined party.  *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) (internal quotation marks and citation omitted).  No security is necessary in this case because there is no proof that FEMA is likely to suffer harm if this Order is overturned.  In fact, the Hermit's Peak Act requires FEMA to conduct arbitration proceedings, and issuing this preliminary injunction best accomplishes the purposes of the Act.

**III.      Conclusion**

Ms. Lands is entitled to a preliminary injunction enjoining FEMA from withholding arbitration and ordering FEMA to submit her claims to arbitration.  FEMA must begin arbitration within 45 days of this Order, by Tuesday, September 1, 2026.

IT IS THEREFORE ORDERED that this Preliminary Injunction be issued immediately. This Preliminary Injunction will remain in effect until Defendants have had an opportunity to respond to Plaintiffs' motion to compel agency action unlawfully withheld under 5 U.S.C. § 706(1)), and until the Court renders a decision on the motion.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

9